ALFRED A. PAXSON, Respondent, v. MALCOLM W. MACDONALD, Adm'r, et al., Appellants.

St. Louis Court of Appeals, December 9, 1902.

1. **Depositions: STATUTORY CONSTRUCTION: COSTS.** Where a party has given notice to take depositions, and a commissioner is appointed under the Missouri statute on the subject, the party at whose instance the depositions are taken is chargeable with the fees allowed by the court to the commissioner; and where the same have been taxed in his favor as costs against the adverse party, but are uncollectible, the party at whose instance the depositions were taken may be held liable for said fees.

2. **Commissioner to Take Depositions:** A commissioner to take depositions, appointed as stated in the case at bar, may be allowed by the court reasonable compensation, although no express statutory provision so declares.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

Affirmed.

*Hickman P. Rodgers* for appellants.

(1)   The special commissioner did not perform his services at the instance and request of MacDonald; but as an officer of the court on motion of Watkins.   R. S. 1899, sec. 2883.   (2)   The subject of costs is a matter of statutory enactment; and all such statutes must be strictly construed.   Ring v. Vogel Paint & Glass Co., 46 Mo. App. 375; Wilson v. Ruthrauff, 87 Mo. App. 226; State v. Oliver, 126 Mo. 188.   (3)   Costs can not be taxed against the prevailing party except such as have been adjudged against him.   Thompson v. Elevator Co., 77 Mo. 520.   (4)   Fees of officers of the circuit court for their services in a cause determined therein, can not be recovered by suit in a collateral proceeding.   The remedy provided for the collection of their

fees, is a fee bill in the case in which the fees were earned. Hoover v. Railroad, 115 Mo. 77. (5) Plaintiff's petition fails to state facts sufficient to constitute a cause of action. Watkins v. MacDonald, 70 Mo. App. 357.

*Alfred A. Paxson, pro se.*

(1) Appellant nowhere raises the question of want of parties in the case. He makes two objections, viz.: (a) That the circuit court had no jurisdiction of the subject-matter. (b) The petition does not state facts sufficient to constitute a cause of action. So that under the repeated decisions of this and the Supreme Court, no point, even were it tenable, can be made here on the ground of want of proper and necessary parties. (2) "By filing an answer and going to trial defendants waived any objection as to defect of parties." Stewart v. Gibson, 71 Mo. App. 232; Planing Mill v. Pres. Church, 54 Mo. 520. Our statute on executions provides that: "No execution shall issue upon any judgment or decree rendered against the testator or intestate in his lifetime, or against his executors or administrators after his death, which judgment or decree constitutes a demand against the estate of any testator or intestate, within the meaning of the statute respecting executors and administrators; but all such demands shall be classed and proceeded on in the court having probate jurisdiction, as required by statute." R. S. 1899, sec. 3177; Griswold v. Johnson, 22 Mo. App. 466; Hardin v. McCause, 53 Mo. 225; Wernecke v. Kenyon, 66 Mo. 275; Wernecke v. Wood, Admr., 58 Mo. 352; Brown v. Woody, Admr., 64 Mo. 547. All to the effect that the defendant in the judgment being dead, no execution can issue. (3) A fee bill is in the nature of and is an execution, under which a levy can be made. The judgment in this case being for costs incurred by the defendant himself, after the return of nulla bona on the fee bill, became in effect a judgment against defendant in the case of Watkins v. MacDonald.

PER CURIAM.—This is an appeal from an order of the circuit court granting a new trial.

We adopt the greater part of the statement of facts submitted in this court on behalf of appellants, abbreviating it somewhat and omitting an instruction for plaintiff which the court refused.

This proceeding was instituted in the probate court in the usual form of a claim and demand for allowance against the estate of Robert S. MacDonald, deceased, and is based on services rendered by Alfred A. Paxson, as special commissioner, in the taking of depositions in the case of Watkins v. MacDonald, in the circuit court, and an allowance in the sum of $110 made by that court to said commissioner for his services.

The probate court allowed the claim against the estate and the administrator appealed to the circuit court.

The facts as shown by the evidence are briefly these:

In 1895 there was pending in the circuit court of the city of St. Louis, a suit for damages entitled Louise Watkins v. Robert S. MacDonald, in which defendant gave notice to take depositions, whereupon plaintiff went into court and asked that a special commissioner be appointed to take depositions and the court thereupon appointed Alfred A. Paxson, plaintiff herein, as commissioner. The depositions were taken before said commissioner, who duly certified the same to the court wherein said Watkins case was pending and asked that an allowance be made him for his services. Thereupon the court allowed the said commissioner $500 for his services and allowed $357.60 to his stenographer and ordered execution for the aggregate amount of said sums against defendant.

From this order MacDonald appealed to the St. Louis Court of Appeals and this court reversed the order of allowance and remanded the cause to be disposed of in conformity with its opinion, which held that the trial court "should have assessed a proper amount for the services of the commissioner and his stenographer to be taxed as a part of the general costs

at the end of the litigation." In conformity with this mandate the following order was made by the circuit court in said cause, viz.:

"It is ordered by the court that the motion of the special commissioner herein filed on November 20, 1896, for an allowance be, and the same is hereby sustained, and that he be and hereby is allowed the sum of $110 as compensation for his services rendered herein, said amount to be taxed as costs."

Afterwards, the case of Watkins v. MacDonald was dismissed for want of prosecution and a fee bill was duly issued against the plaintiff in that case for the total amount of costs, one item being the amount of $110 allowed to said special commissioner.   This fee bill was returned unsatisfied.   Nothing further was done in the matter by the special commissioner until after the death of MacDonald, several years later.

The special commissioner was repeatedly asked by MacDonald, while said Watkins case was pending, to move for security for costs therein, but he failed to do so.

The trial of this case in the circuit court, without a jury, resulted in a judgment for defendants.   In due time plaintiff filed a motion for a new trial which the court sustained on the first ground thereof, viz., "that the finding and judgment were against the law and evidence."

Subsequently and in due time defendants perfected their appeal to this court from the order sustaining the motion for a new trial.

Defendant's instructions as given by the court were as follows:

"1.   The court declares that under the law and the evidence, claimant is not entitled to any allowance in his favor.

"2.   The court declares as a matter of law, that all the issues in this case have been adjudicated against the claimant by a decision of the St. Louis Court of Appeals rendered in the case of Watkins v. MacDonald and reported in the Missouri Appeal Reports in volume 70

at page 357; and the order of the circuit court made in pursuance thereof."

The material facts of the former litigation bearing upon the present action are sufficiently shown by the report of the case of Watkins v. MacDonald, 70 Mo. App. (St. L.) 357.

The opinion delivered by the learned trial judge granting the new trial sufficiently states the grounds of his ruling. We approve the same and adopt it as our own, as follows:

"Paxson v. MacDonald, No. 21799.

"Memo. of the court.

"On a re-examination of this case, I am led to the conclusion that I was in error in rendering judgment for the defendant.

"The facts in the case are as stated in the prior memorandum, that the plaintiff, Paxson, was appointed special commissioner to take depositions in the case of Watkins v. MacDonald, pending before the circuit court in this city in 1895, and that said depositions were taken on behalf of the defendant, and an allowance therefor was made him on the twentieth of May, 1897, and ordered to be taxed as costs in the case; that thereafter a fee bill was issued for costs in the case, but was returned nulla bona, the case itself having been dismissed for want of prosecution.

"The services which the plaintiff is here seeking to recover are not specially covered by any statute, and yet, having been rendered for the defendant, it may be admitted that the defendant is primarily liable therefor.

"It was said in the case of Adam v. Railroad (18 Mo. App. 376), that 'A person entitled to costs for services rendered at the request of the defendant could, in the manner provided in such section, have compelled defendant to pay such costs. After judgment, even had the judgment been in favor of the defendant, the defendant could have been thus made to pay costs made at its request.'

"In the case of Hoover v. Railroad (115 Mo. loc.

cit. 87) it is said that 'For any services rendered the defendant in the case the right still remains to have a fee bill issued from the circuit clerk's office.'

"These cases seem to establish the fundamental proposition that that party to the litigation who incurs costs is primarily responsible to those by whom the services were rendered for the payment therefor; and that even though the judgment be in favor of the defendant and the costs taxed against the plaintiff, nevertheless if the plaintiff is unable to pay them, those to whom the costs are due may still recover them as against the defendant if at his instance the services were rendered.

"In the case of officers of court and witnesses, for the payment of whose services provision is made by statute, the proper proceeding would have been the issuance of a fee bill against the party to the litigation at whose request the services were rendered; and in the case which we are now considering, had there been anything due to the officers of the court or to witnesses, for the payment of whose services provision is made by statute, undoubtedly a fee bill could have been issued against the defendant even though judgment was in his favor; and under the authority of the case of Hoover v. Railroad (18 Mo. App. loc. cit. 83) it is decided that the only method by which officers of the court and witnesses for the payment of whose services provision is made by statute, can recover for their services is by fee bill, and they can not recover by a judgment.

"In the case before us the plaintiff is seeking to recover by an independent suit. If he were an officer of the court, for the payment of whose services provision is made by the statute, he could not recover in such a proceeding as he has instituted, but would be required to depend on the fee bill for a recovery of his services; in establishing such a fee bill, he would be required to place his finger on the section of the statute which authorized every item of the bill.

"The plaintiff, however, is not, under the law, entitled to a fee bill, for he can point to no statute which

authorizes the payment of his services; and yet he is entitled to payment for his services, as was expressly decided for this plaintiff and concerning this claim in the case of Watkins v. MacDonald (70 Mo. App. 263). He can not be deprived of compensation for such services as were rendered at the request of the defendant, simply because the plaintiff is insolvent; and while he is unable to have a fee bill issued to enforce the collection of his claim because there is no statute to warrant it, he is nevertheless entitled to a judgment against the defendant or the defendant's representatives, under the principle above declared that each party to the litigation is primarily responsible for the services rendered at his request.

"It is contended by the defendant that the matter has been decided in the case of Watkins v. MacDonald, supra, and if such contention is true it would of course definitely determine the case before me.

"In my judgment, however, the decision of the Court of Appeals in the case of Watkins v. MacDonald sustains the opposite of such contention; for that case not only distinctly provides that a commissioner 'is entitled to a reasonable compensation' but requires that such compensation should be taxed as a general cost at the end of the litigation. This does not in any sense change the rule established by the Court of Appeals in the case of Adams v. Railroad, supra, that a defendant, even after judgment in his favor, is liable for the costs incurred at his request, though taxed as general costs against the plaintiff.

"It is further decided that the circuit court was wrong, not in ordering an execution against the defendant, but in the time at which such execution was ordered, in that before a final judgment in the case an execution was ordered against the defendant.

"Under this view of the case, the motion for a new trial must be sustained."

The foregoing lucid discussion of the vital points of the controversy leaves little to be added. We are of opinion that a commissioner appointed by the court to

take depositions under the statute on the subject (R. S. 1899, sec. 2883) stands in the place of a notary or other officer authorized by law to take such evidence, so far as concerns his right to look to the party at whose instance the testimony is taken for compensation allowed by the court for his services. The authority of the court to allow such a commissioner compensation for his services has been repeatedly recognized in appellate decisions, both by express rulings and by necessary implication from principles' declared therein. Garrett v. Cramer, 14 Mo. App. (St. L.) 401; In re St. L. Inst. Ch. Sc., 27 Mo. App. ( St. L.) 633; State ex rel. v. Ashbrook, 40 Mo. App. (St. L.) 64; Watkins v. MacDonald, 70 Mo. App. (St. L.) 363.

The fundamental ideas upon which the trial court's ruling rests are that "the laborer is worthy of his hire," and that an officer who performs such services has the right to look to the person at whose instance they were performed for his compensation, at least (though we do not say necessarily, for that point is not before us) after other resources for his payment have been exhausted, as in the case at bar wherein a fee bill against plaintiff in the original suit (against whom costs were adjudged as between her and the defendant) was ascertained to be ineffectual before the beginning of this action.

The order granting a new trial is affirmed, all the judges concurring.